UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 1 8 2021
```

---

MAYVELIN DE LA ROSA MARTINEZ,

                    Plaintiff,

-against-

HARBOR EXPRESS, LLC and
PAT SALMON & SONS, INC.,

                    Defendants.

AARON LEON, by MARIA THEN, Guardian,
and MARIA THEN, Individually,

                    Plaintiffs,

-against-

HARBOR EXPRESS, LLC. and
PAT SALMON & SONS, INC.,

                    Defendants.

MEMORANDUM DECISION
AND ORDER

15cv07458 (GBD) (DF)
(Lead case)

15cv07483 (GBD) (DF)
(Member case)

GEORGE B. DANIELS, United States District Judge:

In this consolidated action, Plaintiffs Mayvelin De La Rosa Martinez ("De La Rosa") and Aaron Leon, by his guardian Maria Then, bring personal injury claims arising out of the same motor vehicle accident. Defendants Harbor Express, LLC and Pat Salmon & Sons, Inc. move for summary judgment pursuant to Federal Rule of Civil Procedure 56 seeking the dismissal of all claims asserted against them by Plaintiffs.[1] Defendant Pat Salmon also filed a choice of law motion, asking the Court to determine whether New York or New Jersey law would apply to questions of loss allocation (or a finding of joint and several liability) if Defendants are found

---

[1] As explained below, Pat Salmon has filed two summary judgment motions (ECF No. 85 in the *De La Rosa* case and ECF No. 58 in the *Leon* case.) Harbor Express has moved for summary judgment in both cases by filing a single motion in the De La Rosa case. (*See* ECF. No 87.)

1

liable.

Before this Court is Magistrate Judge Freeman's February 8, 2021 Report and Recommendation (the "Report"), recommending (1) that each of Pat Salmon's summary judgment motions be granted to the extent they seek dismissal of Plaintiff's direct negligence claim; (2) that Harbor Express's motion for summary judgment be denied in its entirety; and (3) that Pat Salmon's choice of law motion be denied as premature. (Report, ECF No. 132, at 46–47.) Magistrate Judge Freeman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 47.) Defendant Harbor Express filed timely objections.[2] (Def.'s Opp'n to R. & R. ("Objs."), ECF No. 135.) Plaintiffs De La Rosa and Leon filed responses to those objections. (Pl. Leon's Resp. to Def.'s Objs. to the Mag. J.'s R. & R., ECF No. 136; Pl. De La Rosa's Resp. to Def.'s Objs. to the Mag. J.'s R. & R., ECF No. 137.) Having reviewed Magistrate Judge Freeman's Report, as well as Harbor Express's objections and the responses from Plaintiffs, this Court ADOPTS the Report in full and overrules Defendant's objections.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

In the early morning hours of August 31, 2013, three vehicles were involved in a collision on the eastbound lanes of Interstate 78 in New Jersey. (Report at 2–3; Harbor Express Rule 56.1 Stmt. ¶ 1.) The vehicles at issue are: (1) a Harbor Express tractor-trailer driven by Anival Velez; (2) a Pat Salmon tractor-trailer, driven by William Traylor; and (3) a Honda, driven by non-party Noel Then and occupied by Plaintiff Leon (in the front passenger seat), and Plaintiff De La Rosa in the rear seat.[3] (Report at 3.)

---

[2] Defendant Pat Salmon did not file objections to Magistrate Judge Freeman's Report, thus the portions of the Report pertaining to Pat Salmon's motion for summary judgment need only be reviewed for clear error.
[3] Non-party Luis Cruz was also a passenger in the rear seat of the Honda. (Report at 3.)

2

At approximately 3:17 a.m., Velez lost control of the Harbor Express tractor-trailer and "jack-knifed," resulting in the tractor portion of the vehicle being stopped in the median of the highway and the trailer coming to a stop in the left-hand lane. (Report at 4; Harbor Express Rule 56.1 Stmt. ¶ 3.) Having observed the Harbor Express tractor-trailer jack-knife, Traylor (at approximately 3:18 a.m.) pulled the Pat Salmon tractor-trailer over onto the right-hand shoulder of the highway. (Harbor Express Rule 56.1 Stmt. ¶ 4.) Another driver, Mario Mendoza, also saw the Harbor Express tractor-trailer lose control and similarly pulled over onto the right-hand shoulder. (*Id.* at ¶ 21.) Both Traylor and Mendoza crossed the highway on foot to check on Velez and see if he was injured. (*Id.* at ¶¶ 20–22.) A few moments later, at approximately 3:20 a.m., the Honda, in which Plaintiffs were traveling, came up to the area where the Harbor Express tractor-trailer had jack-knifed, went off the road to the right, and collided with the rear of the Pat Salmon tractor-trailer. (*Id.* at ¶ 6.) The Honda wedged under the Pat Salmon tractor-trailers, requiring the occupants to be "extricated" by emergency personnel arriving on the scene. (Report at 4–5.) Plaintiffs, in critical condition, were transported to a hospital with "head" injuries as well as "internal trauma." (*Id.* at 5.)

The parties dispute why the Honda struck the Pat Salmon tractor-trailer. Plaintiffs claim that the driver of the Honda had to veer to the right either (1) to avoid debris present in the roadway as a result of the Harbor Express tractor-trailer jack-knifing, or (2) to avoid rear-ending another car that may itself have slowed to avoid such debris. (Report at 4.) Defendants contend that the Honda was speeding, and dispute whether there was debris on the highway or whether another vehicle caused the Honda to alter its course of travel. (*Id.*)

Defendant Pat Salmon filed a motion for summary judgment in both the *De La Rosa* case and the *Leon* case. (Defendant Pat Salmon & Sons, Inc.'s Notice of Motion for Summ. J. ("Salmon

3

Mot. I") (ECF No. 85 in 15-cv7458); Defendant Pat Salmon & Sons, Inc.'s Notice of Motion for Summ. J. ("Salmon Mot. II") (ECF No. 58 in 15-cv-7483).) Defendant Harbor Express also moved for summary judgment in both cases, doing so by filing a single motion on the docket of the *De La Rosa* case. (Defendant Harbor Express, LLC's Notice of Motion for Summ. J., ("Harbor Mot.") (ECF No. 87).) Pat Salmon additionally filed a "Motion on Choice of Law" arguing, in both the *De La Rosa* and *Leon* cases, that New Jersey law should apply to the issue of joint and several liability. (Defendant Pat Salmon & Sons, Inc.'s Motion on Choice of Law ("Salmon Choice of Law Mot.") (ECF No. 82, amended at ECF No. 84).)

## II. LEGAL STANDARDS

### A. Reports and Recommendations.

"Although a magistrate may hear dispositive pretrial motions, [s]he may only submit proposed findings of fact and recommendations for disposition of the matter." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). The district court must review *de novo* the portions of a magistrate judge's report and recommendation to which a party properly objects. 28 U.S.C. § 636(b)(1)(C). However, the district court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Instead, it is sufficient that the district court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States*

4

*v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted). "A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure[.]'" *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (first alteration in original) (citation omitted).

### B. Rule 56 Motion for Summary Judgment.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when it "might affect the outcome of the suit under the governing law." *Gayle*, 313 F.3d at 682 (quoting *Anderson*, 477 U.S. at 248) (internal quotation marks omitted).

The party seeking summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). In turn, to defeat a motion for summary judgment, the opposing party must raise a genuine issue of material fact. *See Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002). To do so, it "must do more than simply show that there is some metaphysical doubt as to the material facts," *id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), and it "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)) (internal quotation marks omitted). Rather, the opposing party must produce admissible evidence that supports its pleadings. *See First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289–90 (1968). In this regard, "[t]he 'mere existence of a scintilla of evidence'

supporting the non-movant's case is also insufficient to defeat summary judgment." *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

In determining whether a genuine issue of material fact exists, the court must construe the evidence in the light most favorable to the opposing party and draw all inferences in that party's favor. *See id.* However, "a court must not weigh the evidence, or assess the credibility of witnesses, or resolve issues of fact." *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016) (citation and internal quotation marks omitted). Summary judgment is therefore "improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." *Marvel*, 310 F.3d at 286.

### III.   THE REPORT IS ADOPTED IN FULL

#### A. Defendant Pat Salmon's Motion for Summary Judgment is Granted as to Plaintiffs' Direct Negligence Claims and Denied as to Plaintiffs' Vicarious Liability Claims.

Magistrate Judge Freeman correctly found that Defendant Pat Salmon's motion for summary judgment should be denied as to Plaintiffs' *respondeat superior* claims. (Report at 32.) Indeed, as Magistrate Judge Freeman properly outlined, there are triable issues of fact as to whether Traylor owed Plaintiffs a duty of care, breached that duty, or caused Plaintiffs' injuries. (*Id.* at 16–30.) Additionally, Magistrate Judge Freeman properly held that Plaintiffs' direct claims against Pat Salmon for negligent hiring, qualifying, retaining, training, and supervising, and for negligent entrustment should be dismissed. (Report 30–32.) Neither New York nor New Jersey law permits a plaintiff to pursue a claim of negligent hiring or entrustment where the plaintiff has established a vicarious liability claim which would render the employer liable for the damages caused by the actions of its employee. *See Lee ex rel. Est. of Lee v. J.B. Hunt Transp., Inc.*, 308 F. Supp. 2d 310, 312–315 (S.D.N.Y. 2004) (discussing both New York and New Jersey law).

6

**B. Defendant Harbor Express' Motion for Summary Judgment is Denied.**

Magistrate Judge Freeman concluded that there were disputed issues of material fact regarding whether Velez (the driver of the Harbor Express tractor-trailer) breached his duty of care and whether Velez's actions were the proximate cause of Plaintiffs' injuries, thus making summary judgment inappropriate. (Report at 44.) Harbor Express objects to Magistrate Judge Freeman's Report, arguing that Harbor has clearly established that it was not negligent and claiming that the Report failed to cite evidence supporting the notion that there is a question of fact on the issue of causation. (Objs. at 1, 7–15.) Harbor Express is incorrect. Moreover, their objections to the Report amount to asking this Court to make credibility determinations and weigh the evidence, but that is not the Court's role on summary judgment. *Rogoz v. City of Hartford*, 796 F.3d 236, 245 (2d Cir. 2015).

Harbor Express's summary judgment motion and objections do not explicitly argue that Velez did not owe a duty of care to Plaintiffs. (Objs. at 3–5.) Thus, having reviewed the submissions of the parties and the Report for clear error on this point, and finding none, Magistrate Judge Freeman correctly found that Velez owed a duty of care to other motorists on the highway, including Plaintiffs. (Report at 34–35.)

Harbor Express does challenge Magistrate Judge Freeman's conclusion that material issues of fact exist as to whether Velez breached this duty of care. Harbor Express contends that Velez was traveling at a safe speed, looking straight ahead, and that the tractor-trailer did not jack-knife because of any improper or negligent conduct on Velez's part. (Objs. at 3.) Rather, Harbor Express claims that Velez lost control of the tractor-trailer because he was trying to avoid another tractor-trailer in the left lane that was "passing him at a fast rate of speed." (*Id.*) Plaintiffs rely on video recorded by Thomas Charette (who was passing the Harbor Express tractor-trailer on the

7

west-bound lanes) and claim the video "does not show another vehicle cutting off Velez." (ECF No. 92-10.) Plaintiffs also cite to Mr. Mendoza's deposition testimony in which he testified that he thought Velez had been asleep at the wheel. (Report at 36.) Harbor Express maintains that this evidence should be disregarded as speculative. However, this evidence creates a genuine issue of material fact by calling Velez's account of the accident into question. On this evidence, a jury could reasonably decide that Velez had been driving negligently. While Harbor Express would like the Court to disregard this evidence, the credibility of Mr. Mendoza's testimony, how much weight to assign the Charette video, and what inferences to draw from this evidence are the functions of a jury. *Rogoz*, 796 F.3d at 245.

Harbor Express also objects to Magistrate Judge Freeman's finding that "a jury should determine whether it was reasonably 'possible,' within the meaning of [49 C.F.R. §] 392.22, for Velez to have placed warning devices outside of his vehicle before the time of Plaintiffs' collision" and "whether Velez's actions demonstrated that he exercised reasonable care to warn other drivers of the presence of the jack-knifed vehicle on a highway that was reportedly not well lit." (Report at 38; Objs. at 5–7.)

In relevant part, 49 C.F.R. § 392.22 states:

Placement of warning devices – (1) General Rule . . . whenever a commercial motor vehicle is stopped upon the traveled portion or the shoulder of a highway for any cause other than necessary traffic stops, the driver shall, as soon as possible, but in any event within 10 minutes, place the warning devices required by § 393.95 of this subchapter . . .

Harbor Express maintains that it did not violate this provision because "it did not have sufficient time in the 2-3 minutes between its accident and the Plaintiffs' accident to place reflective triangles" and that this is a question of law that does not require jury determination. (Objs. at 5.) Ultimately, what Velez could have accomplished in those 2-3 minutes and whether the actions he

took (such as turning on his hazard lights) demonstrated reasonable care to warn other drivers should be determined by a jury. Magistrate Judge Freeman properly laid out the evidence presented by Plaintiffs and correctly found that Harbor Express has not demonstrated a lack of any material conflict regarding whether Harbor Express breached its duty of care to Plaintiffs.

Harbor Express next objects to Magistrate Judge Freeman's finding that material issues of fact also existed as to whether Velez's conduct was a cause of Plaintiffs' injuries. (Objs. at 7–16; Report 38.) Harbor argues (1) that it could not have caused the Honda's crash because the Honda safely passed the Harbor Express tractor-trailer, (2) that there is no evidence to support Plaintiffs' theory that debris in the roadway played role in its accident, and (3) that it is "simply not possible the car traveling ahead of the Honda braked suddenly upon seeing the jack-knifed" Harbor tractor trailer. (Objs. at 8–11.)

Here, the record is replete with conflicting testimony. Harbor Express correctly notes that there is testimony which supports it position that there was no debris in the road, or that if there was any debris it did not serve as an impediment to traffic. (Report 39–40.) However, there is also testimony from Velez and Mr. Mendoza which supports Plaintiffs' position that there was debris on the roadway. Indeed, Mr. Mendoza testified that he shined a flashlight on the ground "to warn the traffic that there was a lot of debris." (*Id.* at 42.) Similarly, as the Report noted, there is conflicting testimony in the record regarding how fast the Honda may have been traveling and whether it may have swerved, either to avoid debris, or because a car immediately ahead of it braked suddenly, when it saw the jack-knifed vehicle. (*Id.* 42–43.) Harbor Express objects to the Report's reliance upon Mr. Mendoza's testimony for this point and notes that the testimony did not explicitly state that he saw the first car brake suddenly due to the Harbor Express tractor-trailer being in the roadway. (Objs. at 11.) This objection is unpersuasive. The conflicting testimony in

9

the record creates a material issue of fact which makes summary judgment inappropriate. Because, based on the evidence in the record, a jury could reasonably conclude either that the car immediately ahead of the Honda braked suddenly or that it did not, Magistrate Judge Freeman correctly denied Harbor Express' summary judgment motion.

As discussed above, Magistrate Judge Freeman dismissed the direct negligence claims against Pat Salmon because Plaintiffs have established that Pat Salmon would be liable under the doctrine of *respondeat superior*, if they ultimately prove that Traylor was negligent. But Magistrate Judge Freeman found that the claims of direct negligence against Harbor Express should not be dismissed. (Report at 44–45.) Harbor Express has not admitted that Velez was its employee or that he was operating within the scope of his employment at the time he lost control of the tractor-trailer. Indeed, there does not appear to be any evidence in the record regarding Velez's employment status. Harbor Express premises its arguments for dismissal of the direct negligence claim on the same theory it set out for Plaintiffs' *respondeat superior* claims: it cannot be liable because Velez cannot be found negligent. (Objs. at 17–18.) But, as already discussed, there are disputed issues of fact regarding Velez's potential negligence. Thus, Magistrate Judge Freeman correctly concluded that this record does not support a grant of summary judgment to Harbor Express. (Report at 44–45.)

### C. Choice of Law Motion

Pat Salmon also filed a choice of law motion arguing, in both the *De La Rosa* and *Leon* cases, that New Jersey law should apply to the issue of joint and several liability. Magistrate Judge Freeman recommended that this motion be denied, without prejudice, because it is premature to decide loss allocation before liability is decided. (Report at 46.) While Pat Salmon did not object to this portion of the Report, Harbor Express did by rather perfunctorily stating that "there is no

reason the court cannot rule on this issue now." (Objs. at 19.) Magistrate Judge Freeman did not err in recommending that the motion not be decided at this time. Defendants may renew this motion at trial.

## IV. CONCLUSION

Magistrate Judge Freeman's Report is ADOPTED. Defendant Pat Salmon's motion for summary judgment is GRANTED with regard to the direct claims of negligence asserted against it by Plaintiffs. Defendant Pat Salmon's motion for summary judgment is DENIED with regard to Plaintiffs' *respondeat superior* claims. Defendant Harbor Express's motion for summary judgment is DENIED. Defendant Pat Salmon's Choice of Law Motion is DENIED without prejudice. The Clerk of Court is directed to:

(1) Close ECF No. 85 in 15-cv-7458 and ECF No. 58 in 15-cv-7483;

(2) Close ECF No. 87 in 15-cv-7458; and

(3) Close ECF No. 82 in 15-cv-7458 and ECF No. 55 in 15-cv-7483.

Dated: March 18, 2021
New York, New York

SO ORDERED.

GEORGE B. DANIELS
United States District Judge