

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

MAYVELIN DE LA ROSA MARTINEZ,                    :

     Plaintiff,                    :

               :

    -against-                    :

               :

HARBOR EXPRESS, LLC and PAT SALMON    :
& SONS, INC.,                    :

               :

     Defendants.                    :

               :

------------------------------------x

------------------------------------x

JUAN RIVERA, *as Administrator of the*
*Estate of Aaron Leon,*                    :

               :

     Plaintiff,                    :

               :

    -against-                    :

               :

HARBOR EXPRESS, LLC and PAT SALMON    :
& SONS, INC.,                    :

               :

     Defendants.                    :

------------------------------------x

MEMORANDUM DECISION
AND ORDER

15 Civ. 7458 (GBD) (VF)
(Lead Case)

15 Civ. 7483 (GBD) (VF)
(Member Case)

GEORGE B. DANIELS, United States District Judge:

Before this Court is Magistrate Judge Valerie Figueredo's September 29, 2025, Report and Recommendation (the "Report") recommending that Plaintiff Mayvelin De La Rosa Martinez ("Plaintiff")'s motion to preclude nonparty the Estate of Noel Then (the "Then Estate") from appearing on the verdict sheet be granted. (Report, ECF No. 201.)[1] Defendants Pat Salmon & Sons, Inc. and Harbor Express, LLC (collectively "Defendants") each filed timely objections to the Report, with Harbor Express, LLC joining and adopting the legal arguments and factual

---

[1] Except as otherwise noted, all ECF citations herein refer to documents filed under the lead case, 15 Civ. 7458.

1

assertions set forth in Pat Salmon & Sons, Inc.'s October 14, 2025 objection. (Objections ("Objs."), ECF Nos. 202-203.) Defendants object to the Report in its entirety. (Objs. at 3.) Plaintiff Mayvelin De La Rosa Martinez subsequently filed a timely reply to Defendants' objections. ("Reply", ECF No. 204.) Plaintiff Juan Rivera filed an additional timely reply to Defendants' objections. (ECF No. 164.)[2] This Court undertakes a *de novo* review of the Report. Having done so, this Court ADOPTS the Report in its entirety and OVERRULES Defendants' Objections.

## I.    BACKGROUND[3]

On August 23, 2013, the parties were involved in a motor-vehicle accident in New Jersey. (ECF No. 1-2 at 2.) Plaintiff was a passenger in a vehicle driven by Noel Then, which collided with a tractor-trailer belonging to Pat Salmon & Sons, Inc. (ECF No. 1-2 at 6.) The above-captioned case was removed to this Court on September 21, 2015, and this action was consolidated on October 30, 2015. (ECF Nos. 1-2, 15.)

On December 13, 2016, Plaintiff filed a motion to amend the complaint under Federal Rule of Civil Procedure 15 to add the Then Estate as a party pursuant to Rule 20. (ECF Nos. 36; 37 at 6-10.) Defendant Pat Salmon & Sons, Inc. opposed the motion. (ECF No. 39 at 5-10.) On February 23, 2017, this Court denied Plaintiff's motion to amend the complaint to add the Then Estate as a defendant. (ECF Nos. 48, 51.)

On December 19, 2024, this Court issued an opinion concluding that New Jersey's loss-allocation rules apply to this action. (ECF No. 182.)

---

[2] This ECF citation refers to the document filed under the member case 15 Civ. 7483.

[3] This Court presumes the parties' familiarity with the factual and procedural background of this case and only the facts relevant to the instant motion are recounted herein.

On April 18, 2025, De La Rosa Martinez moved to preclude the nonparty Then Estate from being added to the verdict sheet. (ECF Nos. 192-194, 197.) On May 2, 2025, Pat Salmon & Sons, Inc. opposed the motion. (ECF No. 196.) On September 29, 2025, Judge Figueredo issued the Report. (ECF No. 201.)

## II.   LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* However, the district court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Instead, it is sufficient that the district court "arrive at its own, independent conclusion." *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

"Portions of a magistrate judge's report to which no or 'merely perfunctory' objections are made are reviewed for clear error." *Rodriguez v. Uhler*, 15-CIV-9297 (GBD) (DF), 2018 WL 1633568, at *1 (S.D.N.Y. Apr. 3, 2018) (citing *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006)). "The clear error standard also applies if a party's objections are improper— because they are conclusory, general, or simply rehash or reiterate the original briefs to the magistrate judge." *Molemohi v. New York*, 18-CIV-9740 (GBD) (JLC), 2020 WL 1303560, at *2 (S.D.N.Y. Mar. 19, 2020) (citations omitted). Clear error arises when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (quoting *United States v. Garcia*, 413 F.3d 201, 222 (2d Cir.2005).

### III.    THIS COURT ADOPTS THE REPORT IN ITS ENTIRETY

Judge Figueredo correctly determined that the plain language of the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1 to -5.8 (the "CNA"), and the New Jersey Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1 to -5 (the "JTCL"), apply to the instant motion. The parties don't dispute that the CNA requires a factfinder to allocate fault only among "parties." *Estate of Spill by Spill v. Markovitz*, 260 N.J. 146, 158 (2025) (citing N.J.S.A. 2A:15-5.2(a)(1)). By the CNA's plain language, only the parties to this action would appear on the verdict sheet. The JTCL then "allows 'joint tortfeasors' to seek contribution after a trial from other 'persons' alleged to be 'liable in tort for the same injury.'" *Id.* (citing N.J.S.A. 2A: 53A-1, -3). Defendants do not dispute that the CNA applies in this case. Instead, Defendants argue that exceptions under New Jersey law permit adding nonparty the Then Estate to the verdict sheet. (*See* ECF No. 196 at 7, 12-22.) Judge Figueredo properly determined that Defendant Pat Salmon & Sons, Inc. did not successfully assert any exception recognized by New Jersey courts that permits the Then Estate to be listed on the verdict sheet.

### i.    *"Plaintiff's Conduct" Exception Does Not Apply*

Defendants take issue with the Report's conclusion that the "plaintiff's conduct" exception does not apply. Fault may be allocated to a nonparty where joinder was prevented by the plaintiff's conduct. *See Burt v. W. Jersey Health Sys.*, 339 N.J. Super. 296, 305-08 (App. Div. 2001). Judge Figueredo's analysis of the "plaintiff's conduct" exception rightfully concluded that Defendant's argument, that Plaintiff's "delay and bad faith in adding the Then Estate to the suit prevented the estate's joinder as a party", did not merit the exception. (Report at 3.)

The record reflects that Plaintiff initially attempted to add the Then Estate as a party to this action. (ECF No. 36.) Defendant Pat Salmon & Sons, Inc. successfully opposed the motion (ECF

4

No. 39), and this Court denied Plaintiff's motion to add the Then Estate as a party. (ECF Nos. 48, 51.) In its objection to the Report, Defendant acknowledged that it opposed Plaintiff's motion but maintained that the Plaintiff's delayed attempt to join the Then Estate is to blame for why the Then Estate is not a party. (Objs. at 5-6.) Judge Figueredo correctly determined that, contrary to the cases Defendant relies on, the Then Estate was not prevented from being joined through the Plaintiff's conduct. Rather, this Court ultimately denied the opposed motion to add the Then Estate as party because the advantage Plaintiff sought by adding the Then Estate as a party was not a compelling reason to destroy jurisdiction and would prejudice Defendants. (ECF No. 51 at 48–53.)

### ii. Additional Equitable Exceptions Do Not Apply

Defendants contend that the other recognized exceptions apply. Judge Figueredo correctly determined that these exceptions do not apply.

First, under the "settlement agreement" exception, a factfinder can allocate fault at trial to a defendant that settled with the plaintiff prior to trial but "remains a 'party' to the case for the purpose of determining the nonsettling defendant's percentage of fault." *Brodsky v. Grinnell Haulers, Inc.*, 181 N.J. 102, 113 (2004) (citing *Young v. Latta*, 123 N.J. 584, 591–92(1991)). Here, Defendant acknowledges there has been no settlement between the Plaintiffs and the Then Estate but argues that "the equitable and moral equivalent of a settlement is apparent." (Objs. at 10.) Judge Figueredo correctly determined that, contrary to Defendants' assertions, the settlement agreement exception does not apply in the absence of a settlement with the prior party at issue. (Report at 5.)

Next, a factfinder can allocate fault at trial to a prior party who was a defendant to the case but was dismissed from the action through a bankruptcy discharge. *Brodsky*, 181 N.J. at 110, 115-

5

16. Here, Defendants assert that while the Then Estate was never bankrupt, it was indigent and judgment-proof and should still appear on the verdict sheet. (Objs. at 10.) Judge Figueredo did not err in concluding that the Then Estate was never a party in this case and never filed for bankruptcy. (Report at 5–6.) As the Report correctly concludes, this exception does not apply.

Further, a "phantom vehicle" exception provides for the allocation of fault to an unidentified party. *See, e.g., Krzykalski v. Tindall*, 232 N.J. 525, 538 (2018). Here, the Report determined that the Then Estate is a known party. Defendants object, quoting the New Jersey Supreme Court's conclusion that "parties known to be at least in part liable should be allocated their share of the fault, even when unidentified." (Objs. at 11); *see also Krzykalski*, 232 N.J., at 539–40. Based on this, Defendant Pat Salmon & Sons, Inc. argues that its ability to recover from the Then Estate is "no greater or less than if [Noel Then] were unknown and unidentified because his estate remains indigent." (Objs. at 11.) Plaintiff asserts that the same quote Defendant cites mentions "parties," and refers to parties properly joined to the action. (Reply at 12.) Here, Mr. Then and the Then Estate are not unidentified parties. Judge Figueredo rightly determined that the phantom vehicle exception thus does not apply.

Lastly, the Report correctly concluded that Defendant's assertion that it will be prejudiced if the Then Estate cannot be considered a party ignores the plain language of the CNA and the express statutory scheme. The CNA is clear and requires that fault be apportioned only among parties. Absent a recognized exception to the statue, this Court has no basis to add a nonparty to the verdict sheet. (*See* Report at 6.) Defendants argue that they would not be able to recover under the JTCL because the Then Estate is insolvent. (Objs. at 12.) The JTCL "allows 'joint tortfeasors' to seek contribution after a trial from other 'persons' alleged to be 'liable in tort for the same injury.'" *Estate of Spill*, 260 N.J. at 158 (citing N.J.S.A. 2A: 53A-1, -3). Nevertheless, as Judge

6

Figueredo correctly determined, this Court cannot disregard the statutory scheme and the plain language of the CNA and JTCL absent a recognized exception under New Jersey law.

## IV.  CONCLUSION

Defendants' objections are OVERRULED and Judge Figueredo's Report is ADOPTED in its entirety.  Plaintiff Mayvelin De La Rosa Martinez's motion to preclude the Then Estate from appearing on the verdict sheet is GRANTED.

The Clerk of Court is hereby directed to terminate the following motions: (1) ECF No. 192 in 15-cv-07458; (2) ECF Nos. 150, 152 and 157 in 15-cv-07483.

Dated:  **DEC 1 7 2025**
New York, New York

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

7